**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION**

**RAYMOND McCORMICK,**

     **Plaintiff,**

**v.**                        **CIVIL ACTION NO.** 2:21-cv-00189

**SPARTAN MINING COMPANY, LLC**

     **Defendant.**

**<u>NOTICE OF REMOVAL</u>**

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant Spartan Mining Company, LLC (hereinafter "Spartan"), by counsel, removes the state court action styled *Raymond McCormick, Plaintiff v. Spartan Mining Company, LLC, a West Virginia limited liability company,* Civil Action No. 21-C-117 (Circuit Court of Kanawha County, West Virginia).[1] to the United States District Court of the United States for the Southern District of West Virginia. This removal is predicated upon Diversity jurisdiction, pursuant to 28 U.S.C. § 1332, as a result of the complete diversity of the parties and the amount in controversy.  Defendant reserves the right to amend or supplement this Notice of Removal or to present additional arguments in support of its entitlement to remove this case.  As required by 28 U.S.C. § 1446(a), Removing Defendant sets forth the following grounds for removal:

**<u>Papers from the Removed Action</u>**

1.     Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings and orders served upon Defendant and filed in the underlying Civil Action, including a copy of the docket sheet and

---

[1] The Compliant was erroneously labeled "Civil Action No. 21-P-117."  The proper case number is "Civil Action No. is 21-C-117."

the Complaint, are attached as Exhibit A.  This constitutes all pleadings, records and proceedings

thus far filed in the West Virginia state court and no further proceedings have occurred in state

court.

### The Removal is Timely

2.      Plaintiff Raymond McCormick filed a Complaint against the Removing Defendant

Spartan in the Circuit Court of Kanawha County, West Virginia, Civil Action No. 21-C-117, on

February 8, 2021.

3.      On or about March 1, 2021, The West Virginia Secretary of State accepted a copy

of the Complaint and Summons mentioned in Paragraph 2 for service of Process on Spartan's

registered agent. See Exhibit A, page 11.  Thereafter, on March 4, 2021, the copy of the Summons

and Complaint was received by Spartan's registered agent for service of process.  This Notice of

Removal is filed within 30 days of the Defendant's receipt of the Complaint and, therefore, is

timely under 28 U.S.C. § 1446(b)(1). *See Murphy Brothers, Inc. v. Michetti Pipe Stringing, Inc*.,

526 U.S. 344, 354 (1999) (holding that the 30-day time period under the removal statute begins to

run from the date of formal service).

4.      Pursuant to the provisions of 28 U.S.C. § 1446(c)(1), this action is being removed

less than one (1) year after the commencement of the action.

### The Venue Requirement is Met

5.      Venue of this removal is proper under 28 U.S.C. § 1441(a) because this Court is

the United States District Court for the district and division corresponding to the place in which

the state court action was pending.

**The Basis for Federal Jurisdiction**

6.      This is a civil action that falls under this Court's original jurisdiction under 28 U.S.C. § 1332 (diversity of citizenship) and is one that may be removed to this Court based on diversity of citizenship under 28 U.S.C. §§ 1441 and 1446.

7.      The Court has original jurisdiction over this civil action under 28 U.S.C. § 1332(a)(1) because the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

**There is Complete Diversity**

8.      The diversity of citizenship provision of 28 U.S.C. § 1332 has been interpreted to require "complete diversity of citizenship." *Caterpillar Inc. v. Lewis,* 519 U.S. 61, 68 (1996).

9.      Plaintiff Raymond McCormick is a resident of Kanawha County, West Virginia. See Ex. A. Compl. at ¶ 1.

10.     In the Complaint, Plaintiff alleges disability discrimination by the removing Defendant, pursuant to the West Virginia Human Rights Act (Count I) and in violation of West Virginia Public Policy pursuant to the West Virginia Human Rights Act (Count II).

11.     Spartan is a limited liability company. For purposes of diversity jurisdiction, a limited liability company is deemed to be a resident of each state in which its members reside. The Complaint asserts that Spartan engaged in business in West Virginia.  See Ex. A. Compl. at ¶ 2. However, this is irrelevant and is not the test of citizenship for a limited liability company like Spartan.  *See, Ferrell v. Express Check Advance of SC LLC*, 591 F. 3d 698, 702 (4th Cir . 2010) (noting that the Supreme Court has "made clear that artificial entities other than corporations are not citizens for diversity purposes and that courts must look to the citizenship of their members when determining whether diversity jurisdiction exists"); *General Technology Applications, Inc.*

*v. Exro Ltda*, 388 F.3d 114, 120 (4th Cir. 2004) (holding that a limited liability company is assigned the citizenship of its members); *see also, Hunt v. Brooks Run Mining Company, LLC,* Memorandum Opinion, 2013 WL 4829322 *2 (S.D. W. Va. Sept. 10, 2013) ("the principal place of business test applicable to corporate citizenship does not apply to a limited liability company") (J. Faber). [2]

12. Spartan Mining Company, LLC is a West Virginia limited liability company. The sole member of Spartan Mining Company, LLC is Elk Run Coal Company, LLC.

> (a) Elk Run Coal Company, LLC is a West Virginia limited liability company. The sole member of Elk Run Coal Company, LLC is Appalachia Holding Company, LLC;

> (b) Appalachia Holding Company, LLC is a Virginia limited liability company. Appalachia Holding Company, LLC's sole member is Alpha Appalachia Holdings, LLC;

> (c) Alpha Appalachia Holdings, LLC is a Delaware limited liability company. Alpha Appalachia Holdings, LLC's sole member is ANR, Inc.;

> (d) ANR, Inc. is a Delaware corporation with its principal place of business in Bristol, Tennessee.  ANR, Inc. is wholly owned by Alpha Natural Resources Holdings, Inc.;

> (e) Alpha Natural Resources Holdings, Inc. is a Delaware corporation with its principal place of business in Bristol, Tennessee.  Alpha Natural Resources Holdings, Inc. is wholly owned by Alpha Metallurgical Resources, Inc.; and,

> (f) Alpha Metallurgical Resources, Inc. is a Delaware corporation with its principal place of business in Bristol, Tennessee.

13. For purposes of diversity jurisdiction, Spartan is a citizen of Delaware and Tennessee, the citizenship of the first corporate member entity in its chain of ownership. For purposes of diversity jurisdiction, a corporation shall be deemed to be a citizen of every State by which it has been incorporated and of the State where it has its principal place of business. 28 U.S.C. § 1332(c)(1).

---

[2] A copy of this unpublished opinion is attached as Exhibit B.

14.     Because Plaintiff is a citizen of West Virginia and Defendant is a citizen of Delaware and Tennessee, but not a citizen of West Virginia, complete diversity of citizenship exists under 28 U.S.C. § 1332 and this action is removable pursuant to 28 U.S.C. §§ 1332(a)(1) and 1441(b) because it involves a civil action between "citizens" of different states.

### The Amount-in-Controversy Requirement is Met

15.     The Court has original jurisdiction over this civil action under 28 U.S.C. § 1332(a) because the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and because complete diversity of citizenship exists between the Plaintiff and Defendant.

16.     While the Plaintiff does not include a demand for a specific amount in his Complaint, the Plaintiff alleges general compensatory damages, punitive damages, lost wages and attorney fees.  Based on these claims the district court may find by a preponderance of the evidence that the matters in controversy between Plaintiff and the Removing Defendant exceed the sum of $75,000, exclusive of interest and costs.  *Virden vs. Altria Group, Inc.*, 304 F. Supp. 2d 832, 847 (N.D. W.Va. 2004) (stating preponderance standard applies).

17.     Here, based on the allegations in the Complaint and the type of damages recoverable it is clear that the amount in controversy in this case exceeds the sum of $75,000.00, exclusive of interest and costs. In a similar case alleging compensatory damages and punitive damages pursuant to the West Virginia Human Rights Act, such allegations were adequate to meet the "Amount-in-Controversy" requirement.  *Pack v. S&S Firestone, Inc.,* No. 5:14-cv-17286, 2014 WL 12625463 *3 (S.D. W. Va. Aug. 27, 2014).[3]

18.     Plaintiff has failed to stipulate that the amount in controversy is less than $75,000, exclusive of interest and costs.  *Hicks v. Herbert*, 122 F. Supp. 2d 699, 701 (S.D. W.Va. 2000)

---

[3] A copy of this unpublished opinion is attached as Exhibit C.

(observing that, "because under West Virginia law Plaintiffs' recovery is theoretically unlimited, only a binding stipulation that they would not seek nor accept more than $75,000 could limit the potential recovery"); *see also McCoy v. Erie Ins. Co.*, 147 F. Supp. 2d 481, 485-86 (S.D. W.Va. 2001) (requiring stipulation to be binding, formal, and filed in state court prior to removal to effectively limit amount in controversy to a sum below $75,000).

### Filing of Removal Papers

19.     Pursuant to 28 U.S.C. § 1446(d), promptly after filing this Notice of Removal, the Defendant will file a copy of this Notice with the Clerk of the Circuit Court of Kanawha County, West Virginia, and serve a copy of this Notice upon Plaintiff's counsel.

### Consent

20.     Spartan is the sole Defendant in the case, so no consents are required.

WHEREFORE, based on the allegations in the Complaint, this action is removed from the Circuit Court of Kanawha County, West Virginia, to the United States District Court for the Southern District of West Virginia, Charleston Division, pursuant to 28 U.S.C. §§ 1332, 1441 and 1446. Please take notice that no further proceedings may be had in the Circuit Court of Kanawha County, West Virginia.

**SPARTAN MINING COMPANY, LLC,**
**By Counsel,**


*/s/ James P. McHugh*
Christopher D. Pence (WVSB # 9095)
James P. McHugh (WVSB # 6008)
Hardy Pence, PLLC
10 Hale Street, 4th Floor
P.O. Box 2548
Charleston, WV 25301
(304) 345-7250

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION**

**RAYMOND McCORMICK,**

      **Plaintiff,**

**v.**                                      **CIVIL ACTION NO.**  2:21-cv-00189

**SPARTAN MINING COMPANY, LLC**

      **Defendant.**

**<u>CERTIFICATE OF SERVICE</u>**

    I, James P. McHugh, hereby certify that a true and correct copy of foregoing ***Notice of***

***Removal*** was served upon the following parties via electronic mail and regular U.S. mail, postage

prepaid, on this 26th day of March 2021:

| | |
|---|---|
| Stuart Caldwell, Esq. | Lia DiTrapano Fairless, Esq. |
| L. Dante diTrapano, Esq. | DiTrapano Law Firm PC |
| D. Christopher Hedges, Esq. | 604 Virginia St., East |
| Caldwell Luce diTrapano | Suite 307 |
| Law and Arts Center West | Charleston, WV 2501 |
| 500 Randolph Street | lia@ditrapinolawfirm.com |
| Charleston, WV 25302 | *Counsel for Plaintiff* |
| chedges@cldlaw.com | |
| *Counsel for Plaintiff* | |

                         */s/ James P. McHugh*
                         James P. McHugh (WVSB # 6008)